

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2008

# USA v. Kirkland

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Kirkland" (2008). *2008 Decisions.* Paper 1404.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1404

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 07-1355
_____

UNITED STATES OF AMERICA

v.

RUFUS KIRKLAND,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 06-cr-00189)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2008

Before: BARRY, JORDAN, and HARDIMAN, *Circuit Judges.*

(Filed March 20, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Rufus Kirkland appeals his sentence of 168 months imprisonment for possessing

with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(A). On appeal, Kirkland challenges the District Court's

application of § 2D1.1(c)(4) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). He maintains that the District Court erred by treating § 2D1.1(c)(4) as mandatory, instead of advisory, in violation of *United States v. Booker*, 543 U.S. 220 (2005), and he urges us to vacate his sentence and remand his case for re-sentencing. For the following reasons, we will affirm the District Court's decision.[1]

## I. Background

Because we write primarily for the benefit of the parties, we set forth only those facts pertinent to the issues before us on appeal. Pursuant to a search warrant issued after confidential government informants made controlled purchases of crack cocaine from Kirkland, the police found a total of 129.43 grams of individually wrapped crack cocaine packages in Kirkland's apartment. Kirkland was charged with possessing with the intent to distribute more than 50 grams of crack. Even though he had no plea agreement with the government, Kirkland entered a plea of guilty to the indictment.

The presentence investigation report set forth an advisory guideline range of 151 to 188 months, based upon Kirkland's criminal history score and the offense of conviction. Neither the government nor Kirkland challenged that calculation. Nevertheless, during his sentencing hearing on January 30, 2007, Kirkland argued for a sentence of 120

---

[1]We review the District Court's interpretation of the Guidelines *de novo*. *United States v. Navarro*, 476 F.3d 188, 191 (3d Cir. 2007). The sentence, including the District Court's decision not to grant a downward variance, is reviewed for reasonableness under an abuse of discretion standard. *United States v. Wise*, Nos. 06-4926/4928, 2008 WL 361089, at *7 (3d Cir. Feb. 12, 2008).

months, the mandatory minimum sentence for his offense, because he asserts that his criminal history score overstated the seriousness of his prior history and the likelihood of recidivism. He also argued that the application of U.S.S.G. § 2D1.1(c)(4) produced an unjustifiable disparity between sentences recommended for offenses involving crack cocaine and those recommended for offenses involving powder cocaine .

The District Court rejected Kirkland's argument regarding his criminal history, finding that Kirkland's frequent contact with the criminal justice system warranted full consideration of his criminal history score. The District Court also rejected Kirkland's argument for a below-Guidelines sentence, finding that Kirkland ran a dangerous drug dealing operation and that he had not been deterred by prior convictions. Following the three-step analysis set forth in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), and *Gall v. United States*, 128 S. Ct. 586 (2007), the District Court sentenced Kirkland to 168 months imprisonment, five years supervised release, and a $100 special assessment.

## II.    Discussion

During sentencing, the District Court acknowledged Kirkland's argument that a disparity existed between the powder cocaine and crack cocaine guidelines. The Court went on, however, to recognize its discretion in formulating Kirkland's sentence. It never stated that the Guidelines are mandatory.

Despite that, Kirkland argues that, because the District Court voiced confidence in Congress's ability to address the disparity between sentences recommended for crack cocaine offenders and powder cocaine offenders, and because it sentenced him to

3

imprisonment beyond the mandatory minimum, the Court must have believed it was legally prohibited from imposing a reduced sentence based on the disparity. That reasoning is simply untenable, as the District Court's discretion naturally includes the discretion to impose a sentence within the Guidelines. *Wise*, 2008 WL 361089, at \*10-11. Acknowledging a sense of deference to Congress on the policies behind sentencing does not show that the District Court was confused about its discretion. Contrary to Kirkland's assertion, the reason that he was sentenced to 168 months imprisonment was not because the District Court believed it was bound to follow the Guidelines, but instead was because, as the District Court stated, Kirkland engaged in illegal behavior which the Court found to be serious, dangerous, and undeterred by lesser sanctions.

As we indicated in *Wise*, the fact that on November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which, as of March 3, 2008, decreases by two levels the base offense levels for crack cocaine offenses, does not make unlawful or inappropriate a sentence in which the District Court applied the Guidelines that were in effect on the day of sentencing.[2] *Id.* at \*8.

---

[2] In *Wise* we noted that, "[i]f and when [Amendment 706] takes effect, district courts will, under the circumstances specified in § 3582(c)(2), be authorized to reduce the sentences of defendants whose Guidelines ranges would be lowered by Amendment 706." *Wise,* 2008 WL 361089, at \*9. As in *Wise*, our decision today is without prejudice to the defendant's statutory right to pursue a reduced sentence in the District Court under § 3582(c)(2), once the amendment to Guideline § 1B1.10 is fully effective.

**III.     Conclusion**

For the reasons stated, we affirm the judgment and sentence imposed by the District Court.